LYNDA PRYOR *v.* EDMOND PRYOR
(AC 33608)

DiPentima, C. J., and Sheldon and Lavery, Js.

Argued September 19, 2012—officially released January 1, 2013

*Jeanmarie A. Riccio*, for the appellant (defendant).

*Annmarie Briones*, with whom, on the brief, were *Louise T. Truax* and *Mary T. Surette*, for the appellee (plaintiff).

*Barbara M. Schellenberg*, for the appellee (guardian ad litem).

*Opinion*

SHELDON, J. In this postdissolution proceeding, the defendant, Edmond Pryor, claims that the trial court improperly found him in contempt for failing to pay the fees of the court-appointed guardian ad litem of his minor children, Attorney Jocelyn B. Hurwitz, for services rendered throughout the contentious litigation leading up to the dissolution of his marriage to the plaintiff, Lynda Pryor. The defendant also claims that the court improperly denied the motion for a protective order he filed in response to a request for production filed by Hurwitz relating to her motion for contempt, and improperly granted Hurwitz' motion for a protective order as to his own request for production in relation to that motion. We disagree and affirm the judgment of the trial court.

In its July 28, 2010 memorandum of decision dissolving the parties' marriage, the dissolution court, *Calmar, J.*, had ordered: "The defendant shall be responsible for the payment of the guardian ad litem's counsel fees." Although the dissolution court made no finding as to the total amount of those fees, it received an affidavit from the guardian ad litem establishing that her total bill for services through March 25, 2010, was $53,301.32. Neither party appealed from the dissolution judgment or any of the court's orders associated therewith.

On October 19, 2010, Hurwitz filed a motion for contempt against the defendant on the ground that he had not paid her fees as the guardian ad litem, as ordered in the July 28, 2010 dissolution judgment. In response, the defendant filed a motion entitled "Defendant's Motion for a Transfer to Judge Calmar in Middletown and Other Relief," in which he raised, for the first time, a concern as to alleged "unethical misconduct [by Hurwitz] in not disclosing [a] conflict of interest"[1] and claimed that Judge Calmar, who had presided over the dissolution proceedings, was in a unique position to assess the effect of that alleged misconduct.

Also on October 19, 2010, the defendant filed a motion for a protective order from a request for production filed by Hurwitz for certain of his financial information. In that motion, the defendant also sought various forms of relief related to his allegations of misconduct on the part of Hurwitz and requested compensation for various expenses he claimed to have incurred throughout the custody dispute in the dissolution proceeding.

---

[1] On November 20, 2008, the parties agreed to the appointment of Hurwitz as the guardian ad litem for their minor children. At the time of Hurwitz' appointment, Attorney Debra B. Marino represented the plaintiff in the dissolution proceedings. The defendant claims that Hurwitz had a conflict of interest in and that she should have disclosed that one of her partners at Cohen and Wolf, P.C., was Attorney Vincent M. Marino, the husband of Attorney Debra B. Marino.

On November 2, 2010, Hurwitz filed a motion for a protective order as to a request for production filed by the defendant, in which he sought "copies of communications between [Hurwitz] and the [d]efendant's former lawyer, as well as [Hurwitz] and a partner of hers at the law firm at which she is a shareholder, as well as communications between [Hurwitz] and a prior lawyer for the [p]laintiff in this case."

On November 18, 2010, the court, *Hon. Howard T. Owens, Jr.*, judge trial referee, heard oral argument[2] on the subject motions, after which, on December 7, 2010, it issued the following written order: "Pursuant to the corrected memorandum of decision, dated July 28, 2010 . . . it was ordered that the fees of [Hurwitz] be paid by the defendant. The defendant was properly noticed. It is ordered that the defendant pay to the guardian ad litem within 30 days of notice the sum of $53,301. The defendant's motion for [a] protective order dated October 29, 2010 . . . is denied. The defendant's motion to transfer . . . is denied. The guardian ad litem's motion for [a] protective order . . . is granted."

On December 30, 2010, the defendant filed a motion to reargue the motions disposed of in the court's December 7, 2010 order, claiming for the first time that he "was not afforded an opportunity to give testimony or to examine the [guardian ad litem] as to the amount or reasonableness of her fees . . . ." The plaintiff filed an objection to the defendant's motion, arguing that the defendant should have contested the reasonableness of the guardian ad litem's fees at the time of trial. On

[2] At no time during that hearing did either party seek to present evidence in support of their claims. At the end of the hearing, the court indicated: "I'll take the papers and you'll hear from the court." During that hearing, the defendant did not challenge the reasonableness of Hurwitz' fees but, rather, focused solely on his claim that Hurwitz was not entitled to any fees due to her alleged conflict of interest.

June 2, 2011, the court afforded the parties the opportunity to be heard on the defendant's motion to reargue. At the hearing, in addition to his argument that he had not been afforded the opportunity to present evidence on the guardian ad litem's motion for contempt, the defendant claimed, again for the first time, that a judge trial referee does not have the statutory authority to hold a party in contempt on an order issued by a judge of the Superior Court. On June 3, 2011, the court summarily denied the defendant's motion to reargue. This appeal followed.

On appeal, the defendant claims that the court improperly found him in contempt for failing to pay the guardian ad litem's fees, improperly denied his motion for a protective order and improperly granted the motion for a protective order filed by Hurwitz. In reviewing a trial court's ruling on a motion for contempt or a motion for a protective order, we must determine whether the court abused its discretion in making those rulings. *Hibbard* v. *Hibbard*, 139 Conn. App. 10, 16–17, 55 A.3d 301 (2012); *Coss* v. *Steward*, 126 Conn. App. 30, 46, 10 A.3d 539 (2011).

Here, the court never made a finding that the defendant was or was not in contempt for not paying the fees claimed by the guardian ad litem. Indeed, the court's order is devoid of any mention of contempt. Nor did the court explain the bases for its orders on the motions for a protective order. In the absence of such an explanation, there is no basis upon which we can conclude that the court abused its discretion.[3]

---

[3] We note with consternation the fact that the defendant did not raise his concerns regarding the guardian ad litem's alleged conflict of interest until she filed a motion for contempt seeking payment of her fees, months after the dissolution court rendered judgment dissolving the parties' marriage and issuing orders therein relating to the custody and parenting of their children. At no time prior to the filing of the guardian ad litem's motion for contempt were her fees challenged. The defendant acknowledged at the hearing on the motion for contempt that he had not contested the guardian ad litem's fees prior to the dissolution judgment and claimed that he had

The defendant also claims that because Judge Owens is a judge trial referee, he lacked the authority to hold the defendant in contempt for violating an order issued by a Superior Court judge. The defendant did not object to Judge Owens' consideration of the motion for contempt or the competing motions for a protective order until he received unfavorable rulings on those motions. The defendant did not raise this claim in his motion to reargue but, rather, raised it for the first time at the June 2, 2011 hearing. In summarily denying the defendant's motion to reargue, the court did not address this claim and the defendant did not ask the court to clarify or to articulate its decision to address this argument in any other way. Because General Statutes § 52-434a (a) affords judge trial referees the same powers and jurisdiction as judges of the court from which proceedings have been referred to them, the defendant's claim that Judge Owens lacked authority to preside over the motion for contempt is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

not done so because he could not have known how the conflict of interest would affect the judgment until the court rendered judgment. We are puzzled by the defendant's claim in this regard, which he made not only through counsel, but also as an attorney representing himself. There is either a conflict of interest or there is not; a party cannot genuinely raise such a claim, having known of it all along, on the basis that he or she was adversely affected by that conflict. The defendant ultimately indicated, despite zealous argument by both himself and his attorney, that the resolution of his claim regarding an alleged conflict of interest is "to be left to the grievance committee." At the June 2, 2011 hearing on the defendant's motion to reargue,

counsel for the defendant explained to the court that the defendant's grievance against the guardian ad litem had, by that time, been dismissed.